IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**JOHN KOJO ZI**                                                    **PETITIONER**

**VERSUS**                         **CIVIL ACTION NO. 5:19-cv-150-DCB-MTP**

**WARDEN SHAWN R. GILLIS**                                          **RESPONDENT**

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court on John Kojo Zi's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [1]. Having carefully considered the parties' submissions, the record, and the applicable law, the undersigned recommends that the Petition [1] be denied.

### BACKGROUND

Petitioner, a citizen of Ghana, was admitted into the United States with a Non-Immigrant B-2 Visa on October 20, 2001. *See* [19-1] at 1. He remained in the United States beyond January 29, 2002, the date his Visa expired. *Id*. On November 1, 2007, Petitioner failed to appear at his immigration hearing and was ordered removed in absentia from the United States to Ghana by an Immigration Judge. *Id*.

On July 8, 2009, Petitioner was arrested and charged with criminal trespass in the third degree. *Id*. at 2. On July 31, 2009, he was arrested again and charged with forgery in the second degree. *Id*. Immigration and Customs Enforcement ("ICE") took Petitioner into custody pursuant to the outstanding warrant of removal on September 8, 2009. On August 10, 2010, Petitioner filed a motion to reopen with a request for a stay of removal which was granted the next day by an Immigration Judge. *Id*.

On November 3, 2011, the Immigration Judge terminated Petitioner's removal proceedings so that the U.S. Citizenship and Immigration Service could adjudicate a "Petition for

1

Alien Relative" [1] filed by his U.S. citizen wife. *Id*. The "Petition for Alien Relative" was denied on or about August 2, 2013. *Id*. On June 17, 2015, Petitioner was arrested in New York for grand larceny, offering a false instrument to file, scheme to defraud, forgery, and false sworn statement. *Id*. at 3. He was convicted on September 6, 2016. *Id*.

On September 20, 2017, ICE determined Petitioner was removable under 8 U.S.C. § 1227(a)(1)(B) because he overstayed his visa and due to his criminal convictions. *Id*. An Immigration Judge again ordered his removal to Ghana. *Id*. Petitioner did not timely appeal. *Id*. On May 2, 2019, Petitioner filed a Petition for Review with the U.S. Court of Appeals for the Second Circuit. *Id*. On May 30, 2019, he filed an emergency stay of removal with the U.S. Court of Appeals for the Second Circuit. *Id*. The Second Circuit granted a temporary stay of removal on June 6, 2019. *Id*. Petitioner was released from custody of the New York State Department of Corrections on June 13, 2019 and has been in custody with the Department of Homeland Security since that date. *Id*.

On December 26, 2019, the New York Appellate Division, First Department vacated Petitioner's September 6, 2017 criminal convictions and granted him a new trial. *Id*. at 4. On June 22, 2020, the Board of Immigration and Appeals granted the Petitioner's motion to reconsider and remanded the matter back to the Immigration Judge for consideration and entry of a new decision. *Id*.

---

[1] "Petition for Alien Relative" is Form I-130 available through the United States Department of Homeland Security. It allows citizens or lawful permanent residents of the United States to establish the existence of a relationship to certain alien relatives who wish to immigrate to the United States. *See* https://www.uscis.gov/sites/default/files/document/forms/i-130instr.pdf (last visited on Sep. 29, 2020).

Petitioner filed this Petition [1] under 28 U.S.C. § 2241 on December 26, 2019. Though the Petition [1] touches on many topics,[2] the gist of the Petition can be found in paragraphs 74-76 and 130 wherein Petitioner alleges that he has been held for longer than the six-month period deemed presumptively reasonable in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). *See* [1] at 18, ₱ 74-76. He maintains that his continued detention violates his right to due process and seeks immediate release or supervised release. *Id*. at 42, ₱ 130-132. On February 24, 2020, Respondent filed his Response [13].

On July 13, 2020, Respondent provided his Supplemental Response [19] which explains that Petitioner's status has changed since the Petition [1] was filed. *See* [19] at 2. Respondent argues that *Zadvydas* is no longer applicable as Petitioner is once again awaiting a decision by an Immigration Judge after his case was remanded and is currently being detained under 8 U.S.C. §1226. *Id*.

## ANALYSIS

Petitioner argues that his detention violates the presumptively reasonable six-month period outlined in *Zadvydas v. Davis,* 533 U.S. at 701. However, *Zadvydas* only applies to aliens in "post-removal-period detention." *Id*. at 683. As established by the Declaration provided by Respondent, Petitioner is no longer under a final order of removal and is awaiting reconsideration of his status in the United States by an Immigration Judge. *See* [19-1] at 4. *Zadvydas* does not apply to Petitioner as he is currently detained pending removal proceedings. *See* [19-2] at 2.

---

[2] Petitioner references many topics and areas of law not applicable to his habeas petition including: secured parties and creditors (*see* [1] at ₱ 28); the Uniform Commercial Code (*see* [1] at ₱ 6); principals and agents, (*see* [1] at ₱ 29); sovereign citizenship (*see* [1] at ₱ 34); and taxes (*see* [8] at ₱ 30).

3

Aliens awaiting a final order during removal proceedings are detained under 8 U.S.C. § 1226. The Supreme Court has interpreted 8 U.S.C. § 1226(c) to only allow the Attorney General to determine whether aliens may be released, and even then only if certain conditions are met. *Jennings v. Rodriguez*, 138 S. Ct. 830, 835 (2018). The Supreme Court emphasized that "aliens detained under its authority are not entitled to be released under any circumstances other than those expressly recognized by the statute" and concludes that § 1226(c) "mandates detention 'pending a decision on whether the alien is to be removed from the United States." *Id*. Additionally, the Supreme Court has upheld the constitutionality of detaining aliens during removal proceedings, before a final order of removal is issued, as a constitutionally permissible part of the removal process. *Demore v. Kim*, 538 U.S. 510, 531 (2003).

8 U.S.C. § 1226(e) does not allow judicial review during this stage of proceedings declaring that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release or any alien or the grant, revocation, or denial of bond or parole." As Petitioner is detained under 8 U.S.C. § 1226, this Court lacks jurisdiction to review his continued detention.

Petitioner also alleges his detention violates substantive and procedural due process since "ICE has never asserted that special circumstances exist to justify Petitioner's prolonged detention, or that Petitioner poses a danger to national security or that he's a flight risk." *See* [1] at 42, ¶ 129. Petitioner argues that the Code of Federal Regulations § 241.14 requires the government to conduct a periodic review of his status and has failed to do so. *Id*. The section Petitioner references applies only to "removable aliens as to whom the Service has made a determination under § 241.13." 8 C.F.R. §241.14. However, § 241.13 applies only to "aliens who

4

are subject to a final order of removal." 8 C.F.R. § 241.13. As discussed above, Petitioner is awaiting a hearing by an Immigration Judge and, therefore, § 241.14 does not apply to him.

Since Petitioner is back in removal proceedings and there is no final order of removal, Petitioner's request for relief cannot be granted. As established above, his current detention is not reviewable by this Court under § 1226, is constitutional under *Demore*, and his substantive and procedural due process assertions have no merit. The undersigned recommends that the Petition be denied.

## RECOMMENDATION

For the reasons set forth above, the undersigned recommends that the Petition for Writ of Habeas Corpus [1] be DENIED.

## RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge, and the opposing party. The district judge at the time may accept, reject, or modify in whole or in part, the recommendations of the magistrate judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

THIS the 6th day of October, 2020.

s/ Michael T. Parker
United States Magistrate Judge